No. 85-510

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

JERRY THOMAS KORELL,

       Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for The County of Ravalli,
The Honorable Robert Holter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    John C. Doyle, Phoenix, Arizona

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Kimberly A. Kradolfer, Asst. Attorney General, Helena
Robert B. Brown, County Attorney, Hamilton, Montana
Margaret Tonon, Deputy County Attorney, Hamilton

Submitted on Briefs: April 4, 1986

Decided: June 17, 1986

Filed: JUN 17 1986

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant Mr. Korell was convicted of attempted deliberate homicide and aggravated assault. He was placed at the Montana State Hospital, Warm Springs Campus as part of his sentence. In September 1985, his sentence was amended and he was transferred to the Montana State Prison. He appeals that order. We affirm.

The issue is whether Mr. Korell was properly sentenced to Montana State Prison.

The facts behind Mr. Korell's criminal conviction were set out in State v. Korell (Mont. 1984), 690 P.2d 992, 41 St.Rep. 2141. In that appeal, this Court remanded the case pursuant to the District Court's duty to independently evaluate the defendant's mental condition prior to sentencing. His mental capacity had been a heated point of contention at trial, and conflicting psychiatric testimony had been presented. Following this Court's decision in that appeal, the District Court found that "at the time of the offense, the Defendant's mental disease or defect rendered him unable to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law," and resentenced him as follows:

> 1. For Charge I, Attempted Deliberate Homicide, a Felony, the Defendant is hereby committed to the custody of the Department of Institutions for a period of thirty-five (35) years;
>
> 2. For Charge II, Aggravated Assault, the Defendant is hereby committed to the custody of the Department of Institutions for a period of fifteen (15) years;
>
> IT IS FURTHER ORDERED that the above separate sentences as to Charges I and II are to run concurrently.

2

> IT IS FURTHER ORDERED that upon entry of this Judgment, the Defendant is to be placed for treatment in the Warm Springs State Hospital or in a Veterans Administration Hospital which has been approved by the Department of Institutions, for a period of two (2) years.
>
> IT IS FURTHER ORDERED that the Defendant shall not be released from any such hospital or Veterans Administration facility without specific order of this Court.
>
> IT IS FURTHER ORDERED that at the conclusion of the initial two-year period as above outlined, the Defendant, upon order of this Court, shall be placed in a suitable community-based residential treatment facility.
>
> IT IS FURTHER ORDERED that the Defendant is ordered to continue psychiatric treatment throughout the term of this sentence, and the Department of Institutions is ordered to provide such treatment or supervise treatment provided by other agencies approved by the Department of Institutions.

Mr. Korell was admitted to Warm Springs in May 1985, under that order. He was placed in the forensic unit at the hospital. Initial physical and neurological examinations were performed, but the staff and doctors did not observe any signs or symptoms of psychosis. Mr. Korell sent several letters to the District Court, demanding treatment and requesting a pass to attend the Fourth of July parade in Butte. Based apparently on the letters, the District Court issued an order that Mr. Korell be transferred out of the forensic unit to a treatment unit "which will be able to facilitate the immediate commencement of therapeutic treatment for the Defendant's paranoid schizophrenia." Mr. Korell was transferred to a ward for longer term, chronically mentally ill patients, but he was not treated for mental illness because he was not found to be suffering from mental illness.

In August, pursuant to the resentencing order, Mr. Korell's placement was reviewed by the District Court. Dr. Xanthopoulos, acting Clinical Director and psychiatrist, and

Dr. Deming, a psychologist, both of Warm Springs, testified. The court found, in part, that:

4. The doctors treating Defendant have determined Defendant does not suffer from paranoid schizophrenia, either active or in remission, and shows no symtomatology of either. Defendant is not being "treated" at Montana State Hospital because the staff can find no mental illness to treat. He is diagnosed as having mixed personality disorder with anti-social and passive/aggressive features, sometime referred to as maladaptive behavior, for which there is no treatment available.

5. At the hearing on August 1, 1985, Defendant appeared to be calm and to act and dress appropriately.

6. In February, 1985, Defendant stated he felt mentally good after approximately eleven months in the Montana State Prison and that he had taken advantage of available mental health counseling there. He had functioned reasonably well and had not obtained any serious negative write-ups. He earned good time and would obtain earlier release from prison than the State Hospital, but felt he would like any treatment the hospital could afford him.

The court concluded that:

1. In its previous Judgment upon resentencing, the Court found that the Defendant was suffering from a mental disease or defect at the time of the commission of the crime and committed Defendant to the Montana State Hospital or a Veterans hospital for a specified period of time.

2. Defendant no longer suffers from a mental disease or defect, and there is serious doubt he ever did.

3. That under Section 46-14-312(3), M.C.A., the Court may now make an order not inconsistent with its original sentencing authority except that the length of sentence or confinement must be equal to that of the original sentence.

The court amended its Judgment on Resentencing by ordering that Mr. Korell be returned to the Montana State Prison for completion of his sentence, with credit for time served and for good time earned.

4

Mr. Korell states that the order transferring him to Montana State Prison violates the constitutional prohibition of cruel and unusual punishment. The case he cites in support of this argument, Estelle v. Gamble (1976), 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, involved injuries to a federal prisoner while he was performing a prison work assignment. The prisoner was examined and treated for low back strain, but his complaints of back pain and inability to work outlasted the diagnosis. He filed a pro se complaint, alleging that he had not received adequate medical treatment, in violation of the prohibition against cruel and unusual punishment and in violation of 43 U.S. § 1983. The lower court dismissed his complaint for failure to state a claim. In affirming the holding that he had not alleged conduct constituting cruel and unusual punishment, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners" constitutes an unnecessary and wanton infliction of pain prohibited by the Eighth Amendment. Estelle, 429 U.S. at 104. The Court held however, that:

> . . . the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

Estelle, 429 U.S. at 107.

The medical opinion of the doctors at Warm Springs State Hospital is that Mr. Korell suffers from no treatable mental illness, and Dr. Xanthopoulos concurred with Mr. Korell's once-stated wish to return to Montana State Prison. We conclude that the District Court's order that Mr. Korell be returned to Montana State Prison is based on medical opinions on matters for medical judgment. We hold that the District

5

Court's order does not constitute cruel and unusual punishment.

Our standard for review of the District Court's discretion is whether there is substantial evidence to support the court's findings and conclusions. State v. Hall (Mont. 1983), 662 P.2d 1306, 1308, 40 St.Rep. 621, 624. The basis for Mr. Korell's position and for the District Court's February 1985 finding that he suffered from a mental disease or defect at the time of the crimes, is the February 1985 testimony and diagnosis of Dr. William Stratford that Mr. Korell suffered from paranoid schizophrenia, and would benefit from counseling and from drug therapy. However, the uncontroverted evidence at the August 1985 hearing was that Mr. Korell is not now suffering from a treatable mental illness. Both Drs. Xanthopoulos and Deming testified to this, and they were the only witnesses. Dr. Deming also testified that Mr. Korell did not exhibit characteristics of a paranoid schizophrenic in remission. We conclude that there is substantial evidence to support the District Court's finding that Mr. Korell is not now suffering from a mental disease or defect.

The statute governing modification of a criminal sentence of a person suffering from a mental disease or defect at the time of the act is § 46-14-312(3), MCA:

> (3) A defendant whose sentence has been imposed under subsection (2) may petition the sentencing court for review of the sentence if the professional person certifies that the defendant has been cured of the mental disease or defect. The sentencing court may make any order not inconsistent with its original sentencing authority except that the length of confinement or supervision must be equal to that of the original sentence. The professional person shall review the defendant's status each year.

6

The District Court's order dated September 1985 amends the finding as to whether Mr. Korell suffers from a mental disease or defect, but the amendment is not inconsistant with the court's original sentencing authority. It does not change the length of confinement or supervision. We conclude that the District Court acted within its discretion when it modified Mr. Korell's sentence to place him at Montana State Prison.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices